IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL THOMAS, | |
| Plaintiff pro se, | CIVIL ACTION FILE |
| v. | NO. 1:15-CV-45-LMM-WEJ |
| CITY OF SMYRNA and SMYRNA POLICE DEPARTMENT, | |
| Defendants. | |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff pro se Michael Thomas's application to proceed in forma pauperis ("IFP") [1] and for a frivolity review. After considering plaintiff's affidavit of indigence [1], the Court **GRANTS** the application to proceed IFP.[1] Plaintiff shall be allowed to proceed in this action without prepayment of filing fees or docket costs. As with all IFP litigants, the Court must review plaintiff's suit to determine whether it is subject to sua sponte dismissal. See 28 U.S.C. § 1915(e)(2). For reasons explained below, the Court **RECOMMENDS**

---

[1] "[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

AO 72A
(Rev.8/82)

that this action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## I.  FACTUAL BACKGROUND

Mr. Thomas, an African-American male, is bringing this claim against defendants, the City of Smyrna and Smyrna Police Department ("SPD"). On June 7, 2014, plaintiff was taking a lunch break when an armed robbery was reported. He was having lunch outside his "zone," which he contends was not a violation of department policy. Sgt. Smith, plaintiff's supervisor, interrupted his break and requested he report to the crime scene. On the way there, plaintiff did not run his blue lights or siren, and proceeded in a "safe manner." Upon his arrival, he assisted the officers by gathering information about the incident.

Later that day, Sgt. Smith called Mr. Thomas to his office and told him he should not have left his zone for lunch. He then questioned plaintiff about his conduct during the armed robbery dispatch. Sergeant Smith was confrontational, speaking in a "very aggressive manner." Plaintiff became angry, and a "heated exchange" ensued.

Lt. McCormick advised plaintiff that the department was investigating his delayed response to the robbery and the manner in which he responded to Sgt.

2

Smith's inquiries. During the investigation, plaintiff took a polygraph test and was asked to provide information regarding his lunch break. In response, he accused SPD of treating him harshly because of his race. Plaintiff claims that as a result of that accusation, SPD "opened up another investigation" and on July 3, 2014, terminated his employment.

Plaintiff alleges that defendants are liable for (1) race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and (2) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq.

## II.  STANDARD FOR FRIVOLITY REVIEW

When it enacted the statute that allows litigants to proceed IFP, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Thus, the statute authorizes federal courts to dismiss IFP complaints they determine (1) are frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

3

A claim is frivolous under § 1915(e)(2)(B)(i) when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that for Federal Rule of Civil Procedure 12(b)(6). See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam). Thus, a complaint "is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Title VII Discrimination

Title VII forbids an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To state a claim of disparate treatment based on race, a plaintiff must typically allege: (1) he was a member of a protected class; (2) he was qualified to do the job; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly-situated individual outside his protected class. Jeudy v. Attorney Gen., Dep't of Justice, 482

F. App'x 517, 520-21 (11th Cir. 2012) (per curiam).  Alternatively, for the fourth element, he may show that he was replaced by someone outside his protected class. See Paye v. Sec'y of Def., 157 F. App'x 234, 236 (11th Cir. 2005) (per curiam).

Plaintiff fails to plead sufficient factual allegations to support a plausible claim of race discrimination under Title VII.  He does not allege that individuals outside his protected class were treated more favorably or provide other indicia that race was a motivating force behind the adverse actions.  He does not allege that Sgt. Smith or Lt. McCormick, the two supervisors named in the Complaint, are members of another protected class.  Simply put, because plaintiff "does not allege any facts indicating that unlawful race discrimination was the reason for [the investigation or his termination] or assert any other facts tending to show that racial animus motivated [the alleged adverse actions], [he] has failed to state a plausible claim of race discrimination in conformity with the pleading requirements" of the Federal Rules of Civil Procedure.[2]  Daniels v. Costco Wholesale Corp., No. 1:14-CV-2528-TWT, 2014 WL 5825316, at *5 (N.D. Ga. Nov. 10, 2014) (second alteration in original) (quotation marks and citations omitted), report & recommendation adopted,

---

[2] Rule 8 requires a complaint to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

5

at *1; see also Dawes v. Donohoe, No. CV412-247, 2012 WL 5350367, at *1-2 (S.D. Ga. Oct. 29, 2012) (recommending dismissal of Title VII claim where the plaintiff, who was denied a promotion, did not show that another employee, similarly situated and outside his protected class, was treated more favorably), report & recommendation adopted sum nom. Dawes v. U.S. Postal Service, 2012 WL 6104256, at *1 (S.D. Ga. Dec. 7, 2012); Lopez v. Hollybrook Golf & Tennis Club, No. 11-60597-CIV, 2012 WL 760784, at *2 (S.D. Fla. Mar. 7, 2012) (dismissing the plaintiff's Title VII claim where the complaint failed to articulate how he was treated less favorably than other similarly situated employees who were not members of his protected class).[3]

Accordingly, plaintiff has failed to state a plausible claim of race discrimination or racial harassment under Title VII.[4]

---

[3] Plaintiff also checked a line on his form Complaint indicating that he is bringing a claim of racial harassment under Title VII. (See Compl. 6.) However, the Complaint is devoid of factual allegations showing that plaintiff was subjected to a racially hostile work environment.

[4] The Court realizes that to survive frivolity review a complaint need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Nonetheless, plaintiff must set forth sufficient allegations to show that race played a role in defendants' decision to investigate his conduct and eventually terminate him. See Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam)

6

### B.     Title VII Retaliation

In addition to its antidiscrimination provision, Title VII contains an antiretaliation provision that prohibits an employer from discriminating against an employee because he (1) has "opposed" a practice that Title VII forbids, or (2) has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing."  42 U.S.C. § 2000e-3(a).  A prima facie case of Title VII retaliation requires evidence of a (1) statutorily protected activity, (2) materially adverse action, and (3) causal connection between the protected activity and adverse action.  Kidd v. Mando Am. Corp., 731 F.3d 1196, 1211 (11th Cir. 2013).

---

("A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss.  But complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal." (internal citations omitted)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (alteration in original) (citations omitted)); Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standards for 'all civil actions,'" that is, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a . . . discrimination claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)).

7

Plaintiff fails to plead sufficient factual allegations to support a plausible claim of retaliation under Title VII. First, he did not participate in the EEOC grievance process before his termination and thus has no claim under the participation clause. See EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000) (the participation clause protects proceedings and activities that occur in conjunction with or after the filing of a formal charge with the EEOC). Second, under the opposition clause, a plaintiff engages in statutorily protected activity when he protests an employer's conduct upon a good faith, objectively reasonable belief that the employer was engaging in unlawful discrimination practices. Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir. 1999). This means that the employee must show that he "subjectively believed that [his employer] engaged in unlawful discrimination and that his belief was *objectively* reasonable in light of the facts and record present." Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010) (quotation marks and citation omitted). For the employee's subjective perception to be objectively reasonable, the employer's conduct must be "close enough" to unlawful discrimination, if not unlawful discrimination itself. Clover, 176 F.3d at 1351; see also Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1187 (11th Cir. 2001) ("The belief must also be measured against substantive law

8

at the time of the offense." (citation omitted)).  Instead of pleading facts that raise a plausible inference of race discrimination, the Complaint relies on conclusory assertions.  Thus, plaintiff has not alleged facts showing an objectively reasonable belief that he opposed an unlawful employment action.  See Uppal v. Hosp. Corp. of Am., No. 8:09-cv-634-T-33TBM, 2011 WL 2631869, at *6 (M.D. Fla. July 5, 2011) ("Following *Iqbal*, more recent district court decisions have found that if the underlying conduct, as pled in the complaint, does not raise a plausible inference of discrimination, then the plaintiff's belief that the underlying conduct was discriminatory is necessarily unreasonable, and, therefore, the plaintiff fails to state a claim for retaliation.").  Accordingly, plaintiff has failed to state a plausible retaliation claim under Title VII.

    **C.**    **ADEA**

An employer is prohibited from "discharg[ing] any individual . . . because of such individual's age," 29 U.S.C. § 623(a)(1), if the individual is "at least 40 years of age," id. § 631(a).  A plaintiff states a claim for discriminatory discharge in violation of the ADEA by alleging facts sufficient to show that he was (1) a member of the protected age group, (2) subject to adverse employment action, (3) qualified to do the job, and (4) a substantially younger individual filled the position from

9

which he was discharged. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998).

Plaintiff's IFP application states that he is 42 years old. Thus, he belonged to the protected age group at the relevant time. His claim fails on its face, however, because he does not allege that he was replaced by a substantially younger individual or provide other facts showing that he was investigated and terminated because of his age. See Enadeghe v. Ryla Teleservices, Inc., No. 1:08-CV-3551-TWT, 2010 WL 481210, at *6 (N.D. Ga. Feb. 3, 2010) (dismissing complaint for failure to state a claim of age discrimination under the ADEA because the plaintiff did not "allege that a substantially younger person was selected for her position, that she was qualified to do the job for which she was rejected or any other facts tending to indicate that her termination was because of her age"); Long v. Merial Ltd., No. 3:11-CV-001 (CDL), 2011 WL 2531052, at *3 (M.D. Ga. June 23, 2011) (dismissing complaint for failure to state a claim of age discrimination under the ADEA because the plaintiff did not allege that a similarly situated individual outside her protected age class was treated more favorably); Slocum v. Matyas, No. 6:13-cv-1934-Orl-36KRS, 2014 WL 172086, at *3 (M.D. Fla. Jan. 14, 2014) (noting that the mere fact that the plaintiff was 58 years old was not sufficient to support an inference that the

defendant denied him an interview based on his age, and dismissing the complaint because the plaintiff failed to plead factual allegations to support an inference that the adverse action was taken on account of his age).  Accordingly, plaintiff has failed to state a plausible claim of age discrimination under the ADEA.

## IV.  CONCLUSION

The Court **GRANTS** Mr. Thomas's request to proceed IFP [1].  Further, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 21st day of January, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)